UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN RESOURCE | § | |
| TECHNOLOGIES, INC., et al., | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-04419-B |
| | § | |
| BELA FRED ODEN, III, et al., | § | |
| | § | |
|   Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

After the Court denied their initial motion to withdraw (doc. 47), Movants Donald M. Kaiser, Jr., Ellen Cook Sacco, and Kaiser Sacco, P.L.L.C. filed this Amended Motion to Withdraw as Counsel (doc. 58) for Plaintiffs American Resource Technologies, Inc. ("American Resource"), Tree Top Industries, Inc. ("Tree Top"), and TTII Oil & Gas, Inc. ("TTII"), each of whom oppose this request. Plaintiffs Tree Top and TTII has also filed a Motion for a Hearing (doc. 60) on the Amended Motion to Withdraw in which they "den[y] [the] claims asserted" by Movants and request a hearing to present their position. A hearing, however, is unnecessary at this time, because the Court, for the reasons that follow, **DENIES** Movants' Amended Motion.[1]

## I.

## LEGAL STANDARD

As mentioned in the Court's prior order, attorneys may not withdraw as counsel of record until certain requirements are satisfied. Ultimately, the question of whether these requirements have

---

[1] As such, the Court **FINDS MOOT** the Motion for a Hearing (doc. 60).

been met such that withdrawal is warranted is "entrusted to the sound discretion of the [trial] court . . . ." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (citation and quotation marks omitted).

The first withdrawal requirement is that attorneys may only withdraw "upon leave of the court and a showing of good cause and reasonable notice to the client." *Id.* In deciding whether good cause exists, the Court references Rule 1.15(b) of the Texas Disciplinary Rules of Professional Conduct, which has been adopted in this District through Local Rule 83.8(e). *See White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010). This rule provides "six specific situations in which a lawyer has good cause to voluntarily withdraw"[2] and "a seventh, catch-all provision that allows an attorney to withdraw where 'other good cause for withdrawal exists.'" *Id.* (citing TEX. DISCIP. R. PROF'L CONDUCT 1.15(b)(1)-(7)).

Even if "good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *Denton v. Suter*, No. 3:11-CV-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir.1981)). Thus, courts typically consider a number of other factors when determining whether to allow an attorney to withdraw. *See id.*; *White*, 2010 WL 2473833, at *2-3. Chief among these factors are "undue delay in the proceedings, prejudice to the client, and the

---

[2] *See* TEX. DISCIP. R. PROF'L CONDUCT 1.15(b)(1)-(6) ("[A] lawyer shall not withdraw from representing a client unless: (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes may be criminal or fraudulent; (3) the client has used the lawyer's services to perpetrate a crime or fraud; (4) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent or with which the lawyer has fundamental disagreement; (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; [or] (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client . . . .").

interests of justice." *Dorsey v. Portfolio Equities, Inc.*, No. CIV.A.3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008) (citing *Broughten*, 634 F.2d at 882; *Honda Power Equip., Mfg ., Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003)).

Third and finally, a withdrawing attorney in this District must also comply with Local Rule 83.12. *See Denton*, 2013 WL 5477155, at *1. Where, as here, "the identity of the succeeding attorney is not known," Local Rule 83.12 mandates that "the withdrawing attorney must file a motion that: (1) specifies the reasons requiring withdrawal; (2) sets forth the client's name, address, and telephone number; and (3) 'either bear[s] the client's signature approving withdrawal or state[s] specifically why, after due diligence, the attorney was unable to obtain the client's signature.'" *Id.* (quoting N.D. TEX. L. CIV. R. 83.12(a)) (brackets in original).

## II.

## ANALYSIS

With these standards in mind, the Court turns to Movants' Amended Motion to Withdraw as Counsel for Plaintiffs. Movants allege that good cause for their withdrawal exists because the "withdrawal can be accomplished without material adverse effects to the interests of Plaintiffs." Doc. 58, Am. Mot. Withdraw as Counsel ("Am. Mot.") at 2. They also asserted four related "reasons for the withdrawal," including that: (1) "Plaintiffs have failed to pay" $992.82 in fees for work Movants "performed on a Rule 202 matter/deposition," which they say is "related to this lawsuit," but does not appear to concern Movants' work on this particular lawsuit, as Movants claim they agreed to be paid for work performed in this case on a "contingent fee basis (25%)"; (2) Plaintiffs have failed to pay litigation costs "currently due ($354.54)" or "replenish the retainer ($500.00)" that Plaintiffs purportedly agreed to maintain; (3) Plaintiffs are supposedly in "breach of the terms of the

representation agreement" because of their failure to pay these outstanding fees and costs;[3] and (4) Movants have reached a point of "[c]omplete breakdown in communications [with] Plaintiffs," which Movants maintain is evidenced by Plaintiffs' "failure to communicate with [Movants] regarding basic matters in a timely and reasonable fashion" and "irreconcilable differences about how to proceed in this case." *Id.* at 2-3. The Amended Motion additionally provides Plaintiffs' contact information, since a "succeeding attorney for Plaintiffs is not known." *Id.* at 4. Movants further assert that despite their "due diligence, [they] ha[ve] been unable to obtain [Plaintiffs'] consent." *Id.* at 2.

Notwithstanding their assertions, Movants have failed to justify their withdrawal in many of the same respects identified in the Court's previous order denying Movants' first motion to withdraw. Indeed, as discussed below, Movants fall short on most of the legal hurdles to withdrawal detailed above, including the good cause requirement and the additional withdrawal factors courts consider.[4]

A.     *Good Cause*

To begin, Movants fail to show that good cause for their withdrawal exists. As mentioned, the Court makes this determination with reference to the seven grounds for withdrawal in Rule 1.15(b) of Texas' professional conduct rules. *See White*, 2010 WL 2473833, at *2.

First, Movants have not demonstrated that the "withdrawal can be accomplished without

---

[3] Movants also assert that withdrawal is warranted because Movants understood that they "would have the assistance of an international law firm in New York to perform services in Brazil regarding the assets and Defendants at issue," but "Plaintiff's New York counse[l]" breached this agreement. Am. Mot. 3. However, this purported breach is an issue for Movants to take up themselves, as they have not shown how or why their failed arrangements with a third party can be held against Plaintiffs, who oppose the withdrawal.

[4] Movants may have also fallen short at Local Rule 83.12(a). Their explanation for "why, after due diligence, [Movants were] unable to obtain [Plaintiffs'] signature" is somewhat conclusory, and arguably conflicts with the mandate that such an explanation be "specifically" made. N.D. TEX. L. CIV. R. 83.12(a). The Court, however, need not make this determination in light of the more apparent shortcomings discussed.

material adverse effect on the interests of the client." TEX. DISCIP. R. PROF'L CONDUCT 1.15(b)(1).

In fact, other than baldly asserting that "withdrawal can be accomplished without material adverse

effects to the interests of Plaintiffs," Am. Mot. 2, Movants make no effort whatsoever to demonstrate

that this provision of Rule 1.15 is applicable. Moreover, as discussed further below, the circumstances

of Movants' withdrawal suggest that Plaintiffs actually face serious material adverse effects to their

interests if Movants are permitted to withdraw at this time. Therefore, Movants cannot meet their

burden of showing that withdraw is appropriate under the first provision of Rule 1.15(b).

Second, Movants also fail to show that the provisions of Rule 1.15(b) that pertain to a client's

failure to pay fees or costs permit Movants' withdrawal in these circumstances. These provisions

permit withdrawal if either: "the client fails substantially to fulfill an obligation to the lawyer

regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been

given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," or "the

representation will result in an unreasonable financial burden on the lawyer or has been rendered

unreasonably difficult by the client." TEX. DISCIP. R. PROF'L CONDUCT 1.15(b)(5) & (6).

Here, Movants have not shown, first, that Plaintiffs failed "substantially to fulfill" their

obligations under the representation agreement, or second, that their continued representation "will

result in an unreasonable financial burden." As to the former of these issues, it is not clear that the

unpaid fees asserted by Movants even relate to Plaintiffs' obligation under their representation

agreement for this case, since Movants say they agreed to represent Plaintiffs in this case on a

contingent fee basis. Regardless, Plaintiffs' mere failure to pay Movants' fees for a single deposition

is not a substantial failure as Rule 1.15(b)(5) requires. Nor is Plaintiffs' failure to pay $354.54 in

costs. Likewise, there is no indication that Movants' total unpaid fees and costs ($1,347.36) are "an

unreasonable financial burden on" Movants. They essentially concede this point, admitting that Plaintiffs owe "relatively minimal amounts at present." *Id.* And while Movants express "serious concerns about being forced to front costs for the entire litigation," *id.*, Movants cannot back out of this litigation based on a mere concern. To allow otherwise would go against the policy that a lawyer who agrees to represent a client is generally "expected to work through the completion of a case." *Fed. Trade Comm'n v. Intellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993).

Third, Movants have similarly not shown that withdrawal is permitted because Plaintiffs "insis[t] upon pursuing an objective that [Movants] conside[r] repugnant or imprudent or with which the lawyer has a fundamental disagreement." TEX. DISCIP. R. PROF'L CONDUCT 1.15(b)(4). Movants merely state that Plaintiffs and Movants have "irreconcilable differences about how to proceed in this case." Am. Mot. 3. They do not say what these differences are, how they are irreconcilable, or whether they fall under any of the above categories of differences—repugnant, imprudent, or fundamentally disagreeable—identified in Rule 1.15(b)(4).

Fourth, Movants clearly failed to show that withdrawal is permitted under either of the two remaining scenarios specifically outlined in Rule 1.15(b). In particular, there is no suggestion that Movants' "reasonably believ[e]" Plaintiffs' intend to use their services in a "criminal or fraudulent" way or "to perpetrate a crime or fraud." TEX. DISCIP. R. PROF'L CONDUCT 1.15(b)(2) & (3).

Lastly, Movants have not established good cause to withdraw under Rule 1.15(b)'s final catch-all provision, which allows withdrawal where "other good cause for withdrawal exists." TEX. DISCIP. R. PROF'L CONDUCT 1.15(b)(7). The only remaining "reason" that Movants' offer for their withdrawal here is their representation that there has been a "[c]omplete breakdown in communications between Plaintiffs and [Movants]." Am. Mot. 3. While such a scenario arguably

supports a finding of good cause under this final catch-all provision,[5] it is Movants burden to show that a complete breakdown actually occurred. *Augustson v. Linea Aerea Nacional-Chile S.A. (LAN-Chile)*, 76 F.3d 658, 663 (5th Cir. 1996). But here, Movants support their claim of a "complete breakdown" with mere assertions that Plaintiffs have not provided timely and reasonable responses to Movants' communications. Such vague and conclusory assertions are not enough to satisfy Movants' burden. *See, e.g., White*, 2010 WL 2473833, at *3 ("The court has not uncovered a single case in which counsel was permitted to withdraw over his client's objection on the strength of nothing more than a conclusory, unsworn, single-sentence assertion."). This is especially true given that Plaintiffs moved for a hearing days after Movants' Amended Motion in order to present their position as to why this attorney-client relationship is still viable and should be preserved. In light of these circumstances, the Court finds that Movants failed to show good cause for their withdrawal.

B.      *Withdrawal Factors*

Even assuming Movants' Amended Motion was supported by good cause, there are alternative grounds on which the Court may deny Movants' request to withdraw. Specifically, the Court concludes that withdrawal may alternatively be denied because of the "unnecessary delay, prejudice, [and] interference with justice" it would cause. *Rabin v. McClain*, No. 10-CV-981-XR, 2011 WL 3793939, at *2 (W.D. Tex. Aug. 25, 2011).

With regards to the prejudice and delay stemming from Movants' withdrawal, it is important to note that Plaintiffs are business entities without any known succeeding attorney. This is a serious

---

[5] *See White*, 2010 WL 2473833, at *2 (collecting cases to demonstrate that courts generally find "good cause exists under subsection (b)(7) . . . when there has been a total breakdown of the attorney-client relationship").

problem, because the "well-settled rule of law [is] that a corporation cannot appear in federal court unless represented by a licensed attorney." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)). While under certain circumstances courts allow attorneys to withdraw without identifying a succeeding representative for their corporate client, *see, e.g.*, *Rabin*, 2011 WL 3793939,  the Court is not persuaded that these are the circumstances of this case.

For one, this case is not "still very much in its infancy." *Id.* at *2. Instead, it has progressed to the point at which "the prosecution of this lawsuit [is likely to] be substantially disrupted by allowing counsel to withdraw." *Smith Mar., Inc. v. Lay Drilling Barge Akpevweoghene*, No. 11-CV-731, 2014 WL 5306569, at *4 (W.D. La. Oct. 15, 2014). For example, if the Court permitted the withdrawal, it would have to allow Plaintiffs a certain amount of time to enlist new counsel before sanctioning them for their pro se status. *See Memon*, 385 F.3d at 874. Then, a substitute counsel would have to get up to speed on this case, which has been ongoing for over a year, and would likely need to move to extend many, if not all, of the scheduling order's deadlines. And this, of course, assumes that another attorney would be willing to represent Plaintiffs. If not, Plaintiffs would be subject to substantial prejudice, including dismissal of the claims they have now pursued for well over a year. Given these circumstances, the Court cannot allow Movants to withdraw while simultaneously discharging its duty to ensure a timely and fair prosecution of Plaintiffs' claims.

Furthermore, the interests of justice at play here weigh against the Movants' withdrawal. While the interests of justice may disfavor litigants such as Plaintiffs dishonoring their representation agreements and failing to pay fees or costs, remember that Movants initiated this suit pursuant to a contingent fee arrangement with Plaintiffs. Thus, even if Plaintiffs fail to pay the minor fees and costs

asserted, Movants could still seemingly recover significant sums for work performed pursuant to this contingent fee arrangement. Moreover, to allow Movants to withdraw based on the unsubstantial unpaid fees and costs asserted—at a time in which their contingent fee agreement, signed over a year ago, may look less fruitful than it once appeared—would fly in the face of the policy that an attorney who agrees to represent a client is "expected to work through the completion of a case." *Intellipay*, 828 F. Supp. at 33. On balance, this interest weighs against any potential concern that Plaintiffs may be dishonoring their obligations in the insubstantial ways asserted by Movants. Therefore, the Court concludes that, even assuming Movants' Amended Motion is supported by good cause, all of the other important withdrawal considerations support denying Movants' Amended Motion to Withdraw as Counsel for Plaintiffs.

## III.

## CONCLUSION

For the foregoing reasons, the Court concludes that Movants' Amended Motion to Withdraw as Counsel is not supported by good cause, and that even if it was, Movants should not be permitted to withdraw at this time in light of the undue delay, prejudice, and interference with justice it would cause. Therefore, the Court **DENIES** Movants' Amended Motion to Withdraw as Counsel (doc. 58). As such, the Court further **FINDS MOOT** Plaintiffs' Motion for a Hearing (doc. 60).

SO ORDERED.
Dated: December 8, 2014.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE